expended by Professionals in the rendition of their professional services to the Debtors. Such time records were made contemporaneously with the rendition of services by the person rendering such services. A compilation showing the name of the Professional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services during the Compensation Period is contained in each of the eighteen (18) fee applications that are on file with this Court and are incorporated herein by reference. A summary of hours expended during the Compensation Period is annexed hereto as Exhibit "C".

16. Chanin also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services, all of which are also available for inspection. A summary schedule of the categories of expenses and amounts for which reimbursement is requested is annexed hereto as Exhibit "D". A final calculation of fees and expenses is annexed hereto as Exhibit "E".

17. Chanin respectfully submits that the professional services that it rendered on behalf of the Debtors were necessary and have directly contributed to the effective administration of these cases.

Conclusion

The services rendered by the Applicant to the Debtors were necessary and appropriate and to the benefit of the estate. The amount of compensation sought by Chanin is consistent with the factors enumerated in 11 U.S.C. §330, in that the amount sought is reasonable compensation for actual, necessary services rendered by the

230367-1

Applicant, taking into account all relevant factors, including time spent on such services, the complexity, importance and nature of the problem, issue or task addressed, and the customary compensation charged by comparably skilled practitioners in cases other than those under Bankruptcy Code.

**WHEREFORE**, Chanin requests (i) a final allowance and award of compensation for the professional services rendered by Chanin as financial advisor for the Debtors for the period from September 19, 2000 through March 7, 2002 (the "Compensation Period") in the amount of $2,026,967.74, (ii) reimbursement of actual and necessary expenses incurred by Chanin during the Compensation Period in connection with the rendition of such professional services in the amount of $49,227.95 and (iii) payment to Chanin of any approved and outstanding amounts.

Dated: February 25, 2005                    CHANIN CAPITAL PARTNERS LLC

By: /s/ Russell Belinsky
Russell Belinsky
Senior Managing Director
11150 Santa Monica Blvd, 6th Floor
Los Angeles, CA 90025
(310) 445-4010
Financial Advisors to the Debtors

230367-1

B-84

WEIR & PARTNERS LLP


By:   /s/ Kenneth E. Aaron
      Kenneth E. Aaron (#4043)
      Salene R. Mazur
      824 Market Street Mall, Suite 1001
      P.O. Box 708
      Wilmington, Delaware 19899
      (302) 652-8181 (telephone)
      (302) 652-8909 (facsimile)

      -and-

      SCHNADER HARRISON SEGAL
        & LEWIS LLP
      Barry E. Bressler
      Richard A. Barkasy
      Michael J. Barrie
      1600 Market Street, Suite 3600
      Philadelphia, Pennsylvania  19103-7286
      (215) 751-2000 (telephone)
      (215) 751-2205 (facsimile)

      Co-Counsel to Arlin M. Adams,
        Chapter 11 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CORAM HEALTHCARE CORP. and | : | Case No. 00-3299 (MFW) |
| CORAM, INC. | : | through 00-3300 (MFW) |
| | : | |

: **Obj. Deadline: March 17, 2005**
: **Hearing Date: March 24, 2005 @ 9:30 a.m.**

## NOTICE OF FILING OF FINAL APPLICATION OF CHANIN CAPITAL PARTNERS, LLCFOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENTOF EXPENSESFOR THE PERIOD FROM SEPTEMBER 19, 2000 THROUGH MARCH 7, 2002

To:  The Chapter 11 Trustee, the United States Trustee, Counsel for the Official Committee of Unsecured Creditors, Counsel to the Official Committee of Equity Security Holders, Counsel for the Senior Noteholders, and all other parties on the 2002 Service List

Weir & Partners LLP, counsel to Arlin M. Adams, the Chapter 11 Trustee of the above-captioned bankruptcy cases (the "Trustee"), served and filed the **FINAL APPLICATION OF CHANIN CAPITAL PARTNERS, LLCFOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENTOF EXPENSESFOR THE PERIOD FROM SEPTEMBER 19, 2000 THROUGH MARCH 7, 2002** (the "Final Fee Application"), which seeks approval of compensation in the amount of $2,026,967.74 for services rendered and reimbursement in the amount of $49,227.95 for expenses incurred.

You must file objections or responses to the Final Fee Application with the United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza, 824 Market Street, 6th Floor, Wilmington, Delaware 19801, on or before

**March 17, 2005.**

At the same time, you must serve a copy of any such objection or response upon the following: (i) Coram Healthcare Corporation, 1675 Broadway, Suite 900, Denver, CO 80202, Attn: Allen J. Marabito, Esquire (ii) the Trustee: Arlin M. Adams, Esquire, 1600 Market Street, Suite 3600, Philadelphia, PA 19103; (iii) Trustee's counsel: Schnader Harrison Segal & Lewis LLP, 1600 Market Street, Philadelphia, PA 19103, Attn: Barry E. Bressler, Esquire; and Weir & Partners, LLP, 824 Market Street Mall, Suite 1001, P.O. Box 708, Wilmington, DE 19899, Attn: Kenneth E. Aaron, Esquire; (iv) Counsel to the Official Committee of Unsecured Creditors: Richards, Layton & Finger, P.A., One Rodney Square, P.O. Box 551, Wilmington, DE 19899, Attn: Mark D. Collins,

Esquire; and Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019-6150, Attn: Chaim J. Fortgang, Esquire; (v) Counsel to the Senior Noteholders: Weil, Gotshal & Manges LLP, 767 Sixth Avenue, New York, NY 10153, Attn: Alan B. Miller, Esquire; (vi) Counsel for the DIP Lenders: Schulte Roth & Zabel, LLP, 900 Third Avenue, New York, NY 10022, Attn: Carol Morrison, Esquire; (vii) Counsel to the Official Committee of Equity Security Holders: Saul Ewing LLP, 222 Delaware Avenue, Suite 1200, P.O. Box 1266, Wilmington, DE 19899, Attn: Mark Minuti, Esquire; and Jenner & Block, LLC, One IBM Plaza, Chicago, IL 60611, Attn: Richard F. Levy, Esquire; (viii) the Office of the United States Trustee: 844 North King Street, Room 2313, Wilmington, DE 19801, Attn: Richard Schepacarter, Esquire; and (ix) Investment Banker to the Chapter 11 Trustee: SSG Capital Advisors, L.P., Five Tower Bridge, 300 Barr Harbor Drive, Suite 420, West Conshohocken, PA 19428, Attn.: J. Scott Victor, Esq.

**A HEARING ON THE APPLICATION WILL BE HELD ON MARCH 24, 2005 AT 9:30 A.M.**

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, A CERTIFICATE OF NO OBJECTION WILL BE FILED WITH THE COURT AND THE COURT MAY ENTER THE PROPOSED ORDER WITHOUT FURTHER NOTICE OR HEARING.

Dated: February 28, 2005                    WEIR & PARTNERS LLP

By:_____/s/ Kenneth E. Aaron
Kenneth E. Aaron (#4043)
824 Market Street Mall, Suite 1001
P.O. Box 708
Wilmington, Delaware 19899
E-mail: kaaron@weirpartners.com
(302) 652-8181 (telephone)
(302) 652-8909 (facsimile)
Local Counsel to Arlin M.Adams,
the Chapter 11 Trustee

230364-1

230364-1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: Coram Healthcare Corp., <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 00-3299 (MFW) |
| | ) | Through 00-3300 (MFW) |
| Debtors. | ) | |
| | ) | Jointly Administered |

**FINAL APPLICATION OF CHANIN CAPITAL PARTNERS, LLC
FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM SEPTEMBER 19, 2000 THROUGH MARCH 7, 2002**

Name of Applicant:      Chanin Capital Partners, LLC

Authorized to Provide
Professional Services to:      Debtors

Date of Retention Order:      October 20, 2000

Period for which compensation and
reimbursement is sought:      Sept. 19, 2000 – Mar. 7, 2002

Amount of Compensation sought as
actual, reasonable and necessary:      $2,026,967.74

Amount of Expense Reimbursement sought
as actual, reasonable and necessary:      $ 49,227.95

This is an: ___ interim    X   final application

The total time expended for fee application preparation is approximately N/A hours and the corresponding compensation requested is approximately N/A.

If this is not the first application filed, disclose the following for each prior application:

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 05/03/02 | 03/01/02-03/07/02 | $25,967.74 | $1,213.87 | Pending | Pending |
| 04/05/02 | 02/01/02-02/28/02 | $115,000 | $1,308.11 | Pending | Pending |
| 03/12/02 | 01/01/02-01/31/02 | $115,000 | $1,532.89 | Pending | Pending |
| 03/04/02 | 12/01/01-12/31/01 | $115,000 | $3,317.06 | $115,000 | $3,317.06 |

**Local Form 101 (Fee Application Cover Sheet)**

|            |                   | Requested  |             | Approved   |             |
|------------|-------------------|------------|-------------|------------|-------------|
| Date Filed | Period Covered    | Fees       | Expenses    | Fees       | Expenses    |
| 02/06/02   | 11/01/01-11/30/01 | $115,000   | $16,320.91  | $115,000   | $16,320.91  |
| 12/17/01   | 10/01/01-10/31/01 | $115,000   | $3,207.40   | $115,000   | $3,207.40   |
| 11/21/01   | 09/01/01-09/30/01 | $115,000   | $718.65     | $115,000   | $718.65     |
| 10/19/01   | 08/01/01-08/31/01 | $115,000   | $1,754.44   | $115,000   | $1,754.44   |
| 09/18/01   | 07/01/01-07/31/01 | $115,000   | $649.17     | $115,000   | $649.17     |
| 08/07/01   | 06/01/01-06/30/01 | $115,000   | $424.86     | $115,000   | $424.86     |
| 07/02/01   | 05/01/01-05/31/01 | $115,000   | $597.63     | $115,000   | $597.63     |
| 06/08/01   | 04/01/01-04/30/01 | $115,000   | $1,603.50   | $115,000   | $1,603.50   |
| 04/30/01   | 03/01/01-03/31/01 | $115,000   | $1,666.52   | $115,000   | $1,666.52   |
| 03/27/01   | 02/01/01-02/28/01 | $115,000   | $3,959.98   | $115,000   | $3,959.98   |
| 03/07/01   | 01/01/01-01/31/01 | $115,000   | $2,013.15   | $115,000   | $2,013.15   |
| 03/07/01   | 12/01/00-12/31/00 | $115,000   | $3,961.38   | $115,000   | $3,961.38   |
| 01/02/01   | 11/01/00-11/30/00 | $115,000   | $749.68     | $115,000   | $749.68     |
| 12/04/00   | 09/19/00 – 10/31/00 | $161,000 | $4,228.75   | $161,000   | $4,228.75   |

230368-1

**ATTACHMENT B**
**TO FEE APPLICATION**
(Final)

| Name of Professional Person | Position of the Applicant | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Russell Belinsky | Senior Managing Director | N/A | 2.50 | N/A |
| Lee Buchwald | Former Managing Director | N/A | 10.90 | N/A |
| Eric Scroggins | Former Managing Director | N/A | 855.70 | N/A |
| Robert Stobo | Former Vice President | N/A | 687.50 | N/A |
| Michael Westfall | Former Associate | N/A | 3.00 | N/A |
| Edgar Mosley | Former Senior Analyst | N/A | 21.50 | N/A |
| Juan Aguilar | Former Analyst | N/A | 1,045.00 | N/A |
| Grand Total:  2,626.10 | | | | |

**COMPENSATION BY PROJECT CATEGORY**

| Project Category (Examples) | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis & Recovery | N/A | N/A |
| Asset Disposition | N/A | N/A |
| Business Operations | N/A | N/A |
| Case Administration | N/A | N/A |
| Claims Administration and Objections | N/A | N/A |
| Employee Benefits/Pensions | N/A | N/A |
| Fee/Employment Applications | N/A | N/A |
| Fee/Employment Objections | N/A | N/A |
| Financing | N/A | N/A |
| Litigation | N/A | N/A |
| Plan and Disclosure Statement | N/A | N/A |
| Relief from Stay Proceedings | N/A | N/A |
| Tax Issues | N/A | N/A |
| Valuation | N/A | N/A |
| Other (Explain) | N/A | N/A |

230368-1

## EXPENSE SUMMARY
### (Final)

| Expense Category | Service Provider | Total Expenses |
|---|---|---|
| Airfare | | $15,740.50 |
| Hotel | | 4,457.95 |
| Reproduction (in-house) | | 1,305.80 |
| Facsimile (in-house) | | 654.00 |
| Long Distance Telephone | | 1,976.14 |
| Meals | | 5,604.06 |
| Outside Reproduction | | 110.54 |
| Research | | 9,285.16 |
| Filing/Court Fees | | |
| Court Reporting | | |
| Local Travel | | |
| Parking/Transportation | | 3,731.22 |
| Courier & Express Carriers (e.g. Federal Express) | | 1,179.40 |
| Postage | | |
| Professional Services | | 4,730.39 |
| Subscriptions/Library | | 206.00 |
| Word Processing | | 52.50 |
| Other (Explain) | | 194.29 |
| **TOTAL** | | **$49,227.95** |

230368-1

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | **CHAPTER 11** |
| **CORAM HEALTHCARE CORP. and** | ) | **Case Nos. 00-3299 (MFW)** |
| **CORAM, INC.** | ) | **through 00-3300 (MFW)** |
| | ) | |
| | ) | **Jointly Administered** |
| Debtors. | ) | |

## ORDER GRANTING FINAL FEE APPLICATION
## OF CHANIN CAPITAL PARTNERS, LLC FOR THE PERIOD OF
## <u>SEPTEMBER 19, 2000 THROUGH MARCH 7, 2002</u>

Upon the consideration of the Final Application of Chanin Capital Partners, LLC, for the period of September 19, 2000 through March 7, 2002 (the "Application"); notice thereof being adequate and sufficient and in accordance with this Court's Amended Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses dated February 23, 2001; and no objections to the Application having been filed; and after due deliberation; and sufficient cause appearing therefore; it is hereby

ORDERED that the Application is GRANTED on a final basis. The Debtors shall pay to Chanin the sum of $2,026,967.74 for services rendered and

*Reference Docket No.____*
*Filed on February 28, 2005*

$49,227.95 for expenses incurred by Chanin for the period September 19, 2000 through

March 7, 2002.

Dated: _____, 2005
          Wilmington, DE

_____
Mary F. Walrath
Chief, United States District Court Judge

*Reference Docket No.____*
*Filed on February 28, 2005*

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CORAM HEALTHCARE CORP. and | ) | Chapter 11 |
| CORAM, INC. | ) | |
| | ) | Case Nos. 00-3299 (MFW) |
| Debtors. | ) | through 00-3300 (MFW) |
| | ) | |
| | ) | Jointly Administered |

ORDER AUTHORIZING AND APPROVING THE
EMPLOYMENT OF CHANIN CAPITAL PARTNERS TO
PROVIDE FINANCIAL ADVISORY SERVICES TO THE DEBTORS

This Court having reviewed (i) the Application for Order Authorizing the Debtors to

Retain Chanin Capital Partners ("Chanin") as Financial Advisors to the Debtors, filed on August

8, 2000 (the "Application"), by Coram Healthcare Corp. and Coram, Inc. (the "Debtors") (the

Debtors and their subsidiaries, the "Company"), (ii) the engagement letter between Chanin and

the Debtors dated as of April 12, 2000 and amended as of August 1, 2000, a copy of which is

attached hereto (the "Engagement Letter"), (iii) the Affidavit of Eric Scroggins of Chanin in

support of the Application, sworn to on August 7, 2000, and (iv) the Objection of the United

States Trustee to the Application, dated August 29, 2000 (the "Objection"); and Chanin having

performed certain financial advisory services pursuant to the Engagement Letter for the Debtors

prior to the commencement of the cases; and notwithstanding the Objection of the United States

Trustee, and no other party in interest having opposed the Application; and it further appearing

that the Debtors provided adequate notice of the Application, that Chanin does not hold or

represent an interest adverse to the Debtors' estates and is a "disinterested" person, as that term is

defined in 11 U.S.C.§101(14), as modified by 11 U.S.C.§1107(b), and that the Debtors' retention

of Chanin as their financial advisor on the terms set forth below is in the estates' best interest, good cause appearing therefor, it is hereby:

ORDERED, ADJUDGED AND DECREED THAT:

1.    The Application is granted.

2.    Pursuant to 11 U.S.C. §327(a) and Federal Rules of Bankruptcy Procedure 2014 and 2016, the Debtors are authorized to employ and retain Chanin as their financial advisors on the terms set forth in the Engagement Letter, as modified by this Order.

3.    Pursuant to the Engagement Letter, Chanin is authorized to perform the following post-petition services (collectively, the "Investment Banking Services"), among others, for the Debtors:

    a.    provide general financial advice regarding, among other things, the capital structure of the Company;

    b.    assist the Company in sourcing and negotiating DIP financing;

    c.    assist, to the extent necessary, the Company in evaluating its businesses, assets and operations;

    d.    assist the Company in the development and preparation of a Plan of Reorganization and Disclosure Statement;

    e.    assist the Company in developing a long range cash flow and income forecast, analyze the pro forma debt capacity of the Company, prepare an enterprise valuation, and assess financial and restructuring alternatives;

    f.    provide testimony as required in connection with the DIP financing and/or confirmation of a Plan of Reorganization;

    g.    advise the Company's Board of Directors (the "Board") and the Special Committee of the Board on issues relating to the restructuring;

    h.    advise the Board with respect to any committee appointed in the chapter 11 cases; and

i.      advise the Company with respect to employee retention issues.

4.      The indemnification provisions of the Engagement Letter are approved, subject to the following:

a.      subject to the provisions of subparagraph (d) infra, the Debtors are authorized to indemnify, and shall indemnify, Chanin, in accordance with the Engagement Letter for any claim arising from, related to, or in connection with Chanin's prepetition performance of the services described in the Engagement Letter;

b.      subject to the provisions of subparagraph (d) infra, the Debtors are authorized to indemnify, and shall indemnify Chanin, in accordance with the Engagement Letter for any claim arising from, related to, or in connection with the Investment Banking Services, but not for any claim arising from, related to, or in connection with Chanin's postpetition performance of any services other than the Investment Banking Services unless such postpetition services and indemnification therefor are approved by the Court;

c.      notwithstanding any provision of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify Chanin, or provide contribution or reimbursement to Chanin, for any claim or expense that is either (a) judicially determined (the determination having become final) to have arisen solely from Chanin's gross negligence or willful misconduct, or (b) settled prior to a judicial determination as to Chanin's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which Chanin should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

d.      if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Chanin believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Chanin must file an application therefor in this Court, and the Debtors may not pay any such amounts to Chanin before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Chanin for indemnification, contribution or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify Chanin.

5.      Paragraph 8 of the Engagement Letter is hereby modified to provide that with respect to Chanin's pre-bankruptcy conduct and its provision of post-petition services, including the Investment Banking Services, Chanin hereby irrevocably and unconditionally submits to the exclusive jurisdiction of this Court over any suit, action or proceeding arising out of or relating to the Engagement Letter or this Order, and over the approval of its request for any fees and expenses (including any request for indemnification, contribution or reimbursement) accruing through confirmation of a plan of reorganization in these chapter 11 cases or, in the event that no plan of reorganization is confirmed in the cases, fees and expenses accruing prior to the last day of Chanin's employment pursuant to the Engagement Letter, as modified by this Order.  This Court will retain jurisdiction to construe and enforce the terms of the Application, the Engagement Letter (as modified hereby), and this Order.

6.      Notwithstanding anything to the contrary contained in the Engagement Letter or this Order, the Transaction Fee (as defined in the Engagement Letter) shall be subject to de novo review as to its appropriateness solely in connection with objections, if any, interposed by any party in interest to the application of Chanin seeking final allowance of its compensation in these cases

7.      Chanin shall file interim and final fee applications pursuant to the Bankruptcy Code, the Rules of Bankruptcy Procedure and applicable Order of this Court, including, without limitation, the Administrative Order Establishing a Procedure for Monthly and Interim Compensation and Reimbursement of Expenses of Professionals (the "Administrative Order"), dated August 9, 2000, provided, however, that Chanin may submit time records in a streamlined or summary format which shall set forth a description of the services rendered by each

NOV-08-2000  12:42PM    FROM-                                              T-750   P.006/006   F-607

professional and the amount of time spent on each date by each such individual in rendering

services to or on behalf of the Debtors.  The Debtors are authorized to pay Chanin's monthly fees

and to reimburse Chanin for its costs and expenses as provided in the Engagement Letter, upon

approval by the Court of interim and final applications pursuant to the Administrative Order.  All

fees and reimbursements paid or payable to Chanin in accordance with the Engagement Letter

and this Order, including the proposed Transaction Fee, shall be subject to this Court's approval.

Dated: Wilmington, Delaware
       October 2̲5̲, 2000


                                        _____
                                        The Honorable Mary F. Walrath

Movant to send copies to all
parties and file certificate
of service with the court.

B-100

# EXHIBIT B

AUG-08-2000  04:06

P.05/26

 CHANIN CAPITAL PARTNERS

11100 Santa Monica Blvd.
8th Floor
Los Angeles, CA 90025
Tel 310.445.4010
Fax 315.445.4028

12 East 49th Street
14th Floor
New York, NY 10017
Tel 212.758.2629
Fax 212.758.2628

August 1, 2000

Mr. Daniel D. Crowley
Chairman, President & Chief Executive Officer
Coram Healthcare
1125 Seventeenth Street, Suite 2100
Denver, CO 80202

Dear Mr. Crowley:

The purpose of this letter is to confirm the understanding and agreement (the "Agreement") with Coram Healthcare and its wholly and majority owned subsidiaries (collectively, the "Company" or "Coram"), concerning the engagement of Chanin Capital Partners LLC ("Chanin"). This Agreement supersedes the April 12, 2000 agreement between Coram and Chanin.

1.  **Engagement:** Chanin is being retained to provide financial advisory services for the Company in connection with the execution of a restructuring plan for the Company.

    Upon retention, Chanin will provide full services including, but not limited to such services as prepare an enterprise valuation of the Company, analyze the pro forma debt capacity of the Company, assist the Company in sourcing and negotiating DIP financing, assist the Company in the development and the preparation of a Plan of Reorganization and Disclosure Statement, provide such testimony as may be required in connection with DIP financing and/or confirmation of the Plan of Reorganization, advise the Company's Board of Directors (the "Board") on issues related to the Restructuring Transaction, advise the Special Committee of the Board, advise the Board with respect to any committee appointed throughout a chapter 11 reorganization and advise the Company with respect to employee retention issues.  A restructuring transaction shall include, but not be limited to a restructuring of existing obligations, an exchange transaction, or a plan of reorganization consummated either out-of-court or in-court ("Restructuring Transaction").

2.  **Term of Agreement:** This Agreement shall commence on September 19, 2000, and continue on a month to month basis. Either party may terminate the Agreement by giving thirty-(30) day prior written notice to the other party. Upon any termination, the provisions of Sections 3(a), 3(b) and 3(c) shall survive the termination of this Agreement to the extent such provisions relate to (i) the payment of fees due on or before the effective date of termination and expenses incurred on or before the effective date of termination or (ii) the payment of the Restructuring Transaction Fee (as defined herein). The provisions of paragraphs 5, 6, 7 and 8 shall survive the termination of this Agreement and shall remain in effect.

AUG-08-2000  04:06                                                                P.06/26

 CHANIN CAPITAL PARTNERS

Mr. Daniel D. Crowley
August 1, 2000
Page 2

3. <u>Fees and Expenses</u>:

  (a)  <u>Monthly Advisory Fee</u>: The Company shall pay Chanin a fee of $115,000 per month for each month (the "Monthly Fee(s)") commencing upon September 19, 2000. The Monthly Fees are payable on the 1st of each month and shall be payable and in cash. Additionally, if this Agreement is terminated by the Company, Chanin shall be entitled to payment of the Restructuring Transaction Fee (as defined herein) if a Restructuring Transaction is consummated within 12 months of the effective date of such termination.

  (b)  <u>Expense Reimbursement</u>: Chanin shall be entitled to monthly reimbursement of reasonable out-of-pocket expenses incurred in connection with the services to be provided under this Agreement. Monthly Fees plus reimbursement of reasonable and documented out-of-pocket expenses as billed are due upon the 20th of each month to Chanin at the address listed above.

Out-of-pocket expenses shall include, but not be limited to all reasonable travel expenses (coach airfare), computer and research charges, attorney fees, messenger services, and long-distance telephone calls incurred by Chanin in connection with this Agreement.

  (c)  <u>Transaction Fee</u>: In addition to the foregoing Monthly Fees, the Company shall pay Chanin a restructuring transaction fee (the "Transaction Fee") equal to $300,000 in connection with the advisory services described herein (as agreed to in the engagement letter dated April 12, 2000). The Transaction Fee shall be payable in cash upon (1) closing of an out-of-court restructuring through an exchange or tender offer or other mechanism, (2) obtaining the requisite consents from the requisite constituencies to a "pre-packaged" in-court restructuring plan of reorganization, and the confirmation thereof or (3) the confirmation of a plan of reorganization (other than a "pre-packaged" plan, which is described in (2) above) in an in-court restructuring (in each case approved by the Company's Board of Directors).

4.  <u>Company Information</u>: The Company understands that Chanin will not be responsible for independently verifying the accuracy of the information provided by the Company (the "Information") and shall not be liable for inaccuracies in any Information provided by or on behalf of the Company to Chanin. The Company will use reasonable efforts to assure that all Information supplied to Chanin by or on behalf of the Company will, as of its respective dates, be accurate and complete in all material respects. Furthermore, the Company will reasonably cooperate with Chanin in all phases of its financial advisory services.

AUG-09-2000 04:06                            P.07/26

 CHANIN CAPITAL PARTNERS

Mr. Daniel D. Crowley
August 1, 2000
Page 3

Unless required by subpoena or other valid legal process, and prior written notice is provided to you so that you may challenge such disclosure, we will not disclose to any third party (other than our counsel) any portion of the information so provided by you which constitutes confidential, proprietary or trade secret information. We will not use such confidential information for any purpose other than pursuant to our engagement hereunder.

5. **Indemnification:** As Chanin will be acting on behalf of the Company, the Company agrees to the indemnification and other obligations set forth in Schedule I hereto, which is an integral part hereof and is hereby incorporated by reference. Further, in the event that an Indemnified Person (as defined in Schedule I) is requested or required to appear as a witness in any action brought by or on behalf of or against the Company or which otherwise relates to this Agreement or the services rendered by Chanin hereunder, the Company agrees to reimburse Chanin and the Indemnified Person for all reasonable expenses incurred by them in connection with such Indemnified Person appearing and preparing to appear as such a witness, including without limitation, the reasonable fees and disbursements of legal counsel.

6. **Entire Agreement:** This Agreement represents the entire Agreement between the parties and may not be modified except in writing signed by both parties. This Agreement shall be governed by the internal laws of the State of New York. This Agreement may be executed in counterparts, each of which shall constitute an original. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision.

7. **Affiliation:** The Company recognizes that Chanin has been retained only by the Company and that the Company's engagement of Chanin is not deemed to be on behalf of and is not intended to and does not confer rights upon any security holders of the Company or any officers, agents, employees or representatives of either the Company or any of the Company's affiliates. No one other than the Company is authorized to rely upon the engagement of Chanin hereunder or any statements, advice, opinions or conduct of Chanin.

8. **Arbitration:** This Agreement will be governed by, and construed in accordance with, the laws of the State of New York applicable to agreements made and to be performed entirely in such state. Each of the parties hereto agrees to submit any claim or dispute arising out of or related to this Agreement to private and confidential arbitration by a single arbitrator selected in accordance with the rules of the American Arbitration Association. The arbitration proceedings shall be governed by the Commercial Rules of Arbitration of the American Arbitration Association and shall take place in the Borough of Manhattan, New York City, New York. The arbitrator shall have the power to order discovery and the authority to award any remedy or relief that a court of the State of New York could order or grant, including without limitation specific performance.

AUG-08-2000  04:07                                                    P.08/26

 **CHANIN CAPITAL PARTNERS**

Mr. Daniel D. Crowley
August 1, 2000
Page 4

The decision of the arbitrator shall be final and binding on each of the parties and judgment thereon may be entered in any court having jurisdiction. This arbitration procedure is intended to be the exclusive method of resolving any claim arising out of or related to this Agreement, including any claim as to the validity of this Agreement. Each party agrees to the personal and subject matter jurisdiction of such arbitration for the resolution of any such claim, including any issue relating to this arbitration provision. In the event of any arbitration arising out of or in connection with this Agreement, the prevailing party in such action shall be entitled to an award of actual attorneys fees and costs incurred in connection with the arbitration.

9.  <u>Other Matters</u>: If this letter correctly sets forth our Agreement on the matters covered herein, please so indicate by signing and returning the enclosed copy of this letter and signing and retaining the duplicate we are enclosing for your records. Upon execution by both parties, this letter will constitute a legally binding Agreement between the Company and Chanin.

We trust the foregoing terms and provisions are agreeable to you, and request that you sign and return the enclosed copy of this Agreement to us with the payment of the first Monthly Fee.

CHANIN CAPITAL PARTNERS

By:   _____
      Eric Scroggins

Its:  Senior Vice President


CORAM HEALTHCARE

By:   _____
      Daniel D. Crowley

Its:  Chairman, President & Chief Executive Officer

# EXHIBIT C

Touch America Holdings, Inc., *et al.*

Chavie Capital Partners
Summary of Hours for the Period of September 19, 2000 through March 7, 2002

| Professional | Sept 00 | Oct 00 | Nov 00 | Dec 00 | Jan 01 | Feb 01 | Mar 01 | Apr 01 | May 01 | June 01 | July 01 | Aug 01 | Sept 01 | Oct 01 | Nov 01 | Dec 01 | Jan 02 | Feb 02 | Mar 02 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Russell Belitsky | 1.00 | 1.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2.50 |
| Lee Burtnwald | 0.00 | 10.90 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10.90 |
| Eric Scroggins | 12.20 | 41.60 | 85.30 | 97.10 | 52.10 | 18.60 | 17.40 | 31.50 | 38.50 | 53.30 | 49.70 | 34.30 | 52.70 | 78.40 | 44.00 | 73.00 | 31.50 | 41.10 | 5.40 | 855.70 |
| Robert Stabo | 6.00 | 9.20 | 63.50 | 45.20 | 45.00 | 44.90 | 27.70 | 30.70 | 36.70 | 37.30 | 36.30 | 47.20 | 32.90 | 53.70 | 44.40 | 43.10 | 29.30 | 49.70 | 3.50 | 687.50 |
| Michael Westfall | 0.00 | 0.00 | 0.00 | 3.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3.00 |
| Juan Aguilar | 10.00 | 43.50 | 50.00 | 50.50 | 38.00 | 43.50 | 42.60 | 29.70 | 41.00 | 62.50 | 58.20 | 49.60 | 51.20 | 131.80 | 91.00 | 134.80 | 51.40 | 52.10 | 13.50 | 1045.00 |
| Edgar Mosley | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 21.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 21.50 |
| | 29.20 | 108.70 | 198.80 | 195.80 | 135.10 | 128.50 | 87.70 | 91.90 | 116.20 | 153.10 | 144.40 | 131.20 | 136.80 | 261.90 | 179.40 | 260.30 | 112.20 | 142.90 | 22.40 | 2,826.10 |

# EXHIBIT D

Coram Healthcare Corp., et al.

Chanin Capital Partners
Summary of Expenses for the Period of September 19, 2000 through March 7, 2002

| | Sept 00 | Oct 00 | Nov 00 | Dec 00 | Jan 01 | Feb 01 | Mar 01 | Apr 01 | May 01 | June 01 | July 01 | Aug 01 | Sept 01 | Oct 01 | Nov 01 | Dec 01 | Jan 02 | Feb 02 | Mar 02 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Airfare | $3.00 | $2,745.00 | $0.00 | $1,228.50 | $0.00 | $10.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $910.25 | $0.00 | $1,755.00 | $9,391.75 | $0.00 | $0.00 | $0.00 | $0.00 | $15,740.50 |
| Copy & Fax | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 115.54 | 0.00 | 0.00 | 0.00 | 0.00 | $115.54 |
| Hotel | 0.00 | 436.40 | 0.00 | 524.62 | 0.00 | 366.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,827.26 | 0.00 | 0.00 | 0.50 | 0.00 | $4,457.95 |
| Meals | 167.23 | 141.89 | 188.20 | 587.90 | 58.75 | 270.61 | 112.45 | 78.91 | 32.56 | 105.38 | 270.11 | 482.33 | 222.81 | 520.13 | 591.07 | 530.71 | 455.00 | 184.27 | 34.33 | $5,604.06 |
| Messenger/Delivery | 79.04 | 0.00 | 77.37 | 154.72 | 27.44 | 65.25 | 0.00 | 49.23 | 85.50 | 38.33 | 24.37 | 205.29 | 24.39 | 38.38 | 111.33 | 50.17 | 19.00 | 76.97 | 61.95 | $1,779.40 |
| Miscellaneous | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 115.00 | 0.00 | 0.00 | 15.00 | 30.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 34.29 | 0.00 | 0.00 | $104.29 |
| Parking/Transportation | 15.00 | 247.26 | 436.25 | 533.73 | 0.00 | 157.58 | 0.00 | 0.00 | 0.00 | 0.00 | 7.00 | 134.35 | 0.00 | 0.00 | 844.29 | 1,302.68 | 0.00 | 0.00 | 0.00 | $3,731.22 |
| Professional Services | 0.00 | 0.00 | 0.00 | 0.00 | 716.17 | 1,221.42 | 228.58 | 215.41 | 185.59 | 284.85 | 185.10 | 190.50 | 339.15 | 131.10 | 116.65 | 290.70 | 23.45 | 144.05 | 415.42 | $4,730.39 |
| Reproduction/Fares | 27.00 | 209.25 | 32.30 | 255.20 | 29.70 | 87.40 | 37.85 | 44.50 | 121.85 | 0.15 | 121.10 | 30.05 | 47.35 | 146.35 | 146.00 | 200.65 | 23.45 | 18.65 | 65.95 | $1,968.80 |
| Research | 0.00 | 0.00 | 0.00 | 150.00 | 1,120.84 | 1,669.77 | 1,920.84 | 1,120.84 | 0.00 | 0.00 | 10.00 | 10.30 | 194.21 | 374.07 | 1,341.56 | 262.77 | 275.50 | 904.60 | 688.29 | $90,265.16 |
| Suite, & Library | 0.00 | 0.00 | 0.00 | 0.00 | 57.40 | 0.00 | 0.00 | 148.00 | 148.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $3,206.00 |
| Telephone | 27.22 | 58.63 | 46.49 | 228.73 | 2.85 | 107.20 | 2.00 | 93.91 | 30.34 | 0.00 | 3.48 | 82.10 | 0.84 | 240.37 | 623.32 | 238.70 | 185.23 | 4.57 | 0.00 | $1,976.14 |
| Word Processing | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 52.50 | 0.00 | 0.00 | 0.00 | $52.50 |
| | $335.23 | $3,803.48 | $749.83 | $3,561.38 | $2,013.16 | $2,569.58 | $1,666.02 | $1,803.50 | $597.63 | $424.66 | $645.17 | $1,766.44 | $718.66 | $3,207.40 | $16,229.31 | $3,317.66 | $1,622.83 | $1,306.11 | $1,213.87 | $49,227.95 |

# EXHIBIT E

Coram Healthcare Corp., et al.
Final Calculation of Fees and Expenses
September 19, 2000-March 7, 2002

| Period | Fees | Expenses | Total | Fees Paid | Expenses Paid | Total Paid | Fees Due | Expenses Due | Total Due |
|---|---|---|---|---|---|---|---|---|---|
| Sept. 19, 2000-Oct. 31, 2000 | $161,000.00 | $4,228.75 | 165,228.75 | $161,000.00 | $4,228.75 | $165,228.75 | $0.00 | $0.00 | $0.00 |
| Nov. 1, 2000-Nov. 30, 2000 | 115,000.00 | 749.68 | 115,749.68 | 115,000.00 | 749.68 | 115,749.68 | 0.00 | 0.00 | 0.00 |
| Dec. 1, 2000-Dec. 31, 2000 | 115,000.00 | 3,961.38 | 118,961.38 | 115,000.00 | 3,961.38 | 118,961.38 | 0.00 | 0.00 | 0.00 |
| Jan. 1, 2001-Jan. 31, 2001 | 115,000.00 | 2,013.15 | 117,013.15 | 115,000.00 | 2,013.15 | 117,013.15 | 0.00 | 0.00 | 0.00 |
| Feb. 1, 2001-Feb. 28, 2001 | 115,000.00 | 3,959.98 | 118,959.98 | 115,000.00 | 3,959.98 | 118,959.98 | 0.00 | 0.00 | 0.00 |
| Mar. 1, 2001-Mar. 31, 2001 | 115,000.00 | 1,666.52 | 116,666.52 | 115,000.00 | 1,666.52 | 116,666.52 | 0.00 | 0.00 | 0.00 |
| Apr. 1, 2001-Apr. 30, 2001 | 115,000.00 | 1,603.50 | 116,603.50 | 115,000.00 | 1,603.50 | 116,603.50 | 0.00 | 0.00 | 0.00 |
| May 1, 2001-May 31, 2001 | 115,000.00 | 597.63 | 115,597.63 | 115,000.00 | 597.63 | 115,597.63 | 0.00 | 0.00 | 0.00 |
| June 1, 2001-June 30, 2001 | 115,000.00 | 424.86 | 115,424.86 | 115,000.00 | 424.86 | 115,424.86 | 0.00 | 0.00 | 0.00 |
| July 1, 2001-July 31, 2001 | 115,000.00 | 649.17 | 115,649.17 | 115,000.00 | 649.17 | 115,649.17 | 0.00 | 0.00 | 0.00 |
| Aug. 1, 2001-Aug. 31, 2001 | 115,000.00 | 1,754.44 | 116,754.44 | 115,000.00 | 1,754.44 | 116,754.44 | 0.00 | 0.00 | 0.00 |
| Sept. 1, 2001-Sept. 30, 2001 | 115,000.00 | 718.65 | 115,718.65 | 115,000.00 | 718.65 | 115,718.65 | 0.00 | 0.00 | 0.00 |
| Oct. 1, 2001-Oct. 31, 2001 | 115,000.00 | 3,207.40 | 118,207.40 | 115,000.00 | 3,207.40 | 118,207.40 | 0.00 | 0.00 | 0.00 |
| Nov. 1, 2001-Nov. 30, 2001 | 115,000.00 | 16,320.91 | 131,320.91 | 115,000.00 | 16,320.91 | 131,320.91 | 0.00 | 0.00 | 0.00 |
| Dec. 1, 2001-Dec. 31, 2001 | 115,000.00 | 3,317.06 | 118,317.06 | 115,000.00 | 3,317.06 | 118,317.06 | 0.00 | 0.00 | 0.00 |
| Jan. 1, 2002-Jan. 31, 2002 | 115,000.00 | 1,532.89 | 116,532.89 | 0.00 | 0.00 | 0.00 | 115,000.00 | 1,532.89 | 116,532.89 |
| Feb. 1, 2002-Feb. 28, 2002 | 115,000.00 | 1,308.11 | 116,308.11 | 0.00 | 0.00 | 0.00 | 115,000.00 | 1,308.11 | 116,308.11 |
| Mar. 1, 2002-Mar. 7, 2002 | 25,967.74 | 1,213.87 | 27,181.61 | 0.00 | 0.00 | 0.00 | 25,967.74 | 1,213.87 | 27,181.61 |
| | $2,026,967.74 | $49,227.95 | $2,076,195.69 | $1,771,000.00 | $45,173.08 | $1,816,173.08 | $255,967.74 | $4,054.87 | $260,022.61 |

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CORAM HEALTHCARE CORP. and | : | Case No. 00-3299 (MFW) |
| CORAM, INC., | : | (Jointly Administered) |
| | : | |
| Debtors. | : | **Hearing Date: March 24, 2005 @ 9:30 a.m.** |
| | : | **Objection Deadline: March 17, 2005** |

### CERTIFICATE OF SERVICE

I, Kenneth E. Aaron, hereby certify that on this 28th of February, 2005, I did cause a true and correct copy of the **FINAL APPLICATION OF CHANIN CAPITAL PARTNERS, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM SEPTEMBER 19, 2000 THROUGH MARCH 7, 2002** to be served upon the attached "Fee Applications Service List" in the manner indicated on the list and that a copy of the related Notice of Application and Notice of Filing was served on the attached "2002 Service List" as indicated thereon, in accordance with the requirements of the Amended Administrative Order, Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, entered on February 23, 2001 (*CM/ECF Docket No. 624; Original NIBS Docket No. 617*).

WEIR & PARTNERS LLP

By: _____/s/ Kenneth E. Aaron_____
    Kenneth E. Aaron (#4043)
    824 Market Street Mall, Suite 1001
    P.O. Box 708
    Wilmington, Delaware 19899
    (302) 652-8181 (telephone)
    (302) 652-8909 (facsimile)

*Co-counsel to Arlin M. Adams,*
*Chapter 11 Trustee*

230370-1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

```
-----------------------------------------------------x
In re                                   :        Chapter 11
                                        :
CORAM HEALTHCARE CORP.                  :        Case Nos. 00-3299  through
And CORAM, INC.,                        :        00-3300 (MFW)
                                        :
                                        :        (Jointly Administered)
        Debtors.                        :
                                        :
-----------------------------------------------------x
```

**FIRST AND FINAL FEE APPLICATION OF UBS SECURITIES LLC, AS
FINANCIAL ADVISOR TO THE OFFICIAL UNSECURED CREDITORS'
COMMITTEE, FOR FINAL ALLOWANCE OF COMPENSATION FOR
PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF
ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD
NOVEMBER 21, 2000 THROUGH OCTOBER 27, 2003**

| | |
|---|---|
| Name of Applicant: | UBS Securities LLC[1] |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Order Authorizing Retention: | December 1, 2000 *nunc pro tunc* to November 21, 2000 |
| Period for which Compensation is Sought: | November 21, 2000 – October 27, 2003 |
| Amount of Fees Sought: | $1,150,000.00 |
| Amount of Expense Reimbursement Sought: | $47,085.85 |
| Prior Applications: | None. |

This is a first and final fee application.

---

[1] On June 9, 2003, UBS Warburg LLC changed its name to UBS Securities LLC.

NY: 340035-5

B-113

**Professional Time Summary**

| Name of Professional | Position of Professional | Total Hours |
|---|---|---|
| William McGahan | Managing Director Healthcare Group | 41 |
| Soren Reynertson | Executive Director Restructuring Group | 90 |
| Robert Dishner | Associate Director Restructuring Group | 257 |
| Abraham Han | Associate Director Restructuring Group | 194 |
| Phil Pucciarelli | Associate Director Healthcare Group | 297 |
| Michael Sullivan | Associate Director Restructuring Group | 252 |
| James Brodsky | Financial Analyst Healthcare Group | 179 |
| Michael Farah | Financial Analyst Healthcare Group | 39 |

**Total Hours:  1,349**

B-114

## Expense Summary

| Expense Type | Amount |
|---|---:|
| Travel Meals and Entertainment | $12,683.11 |
| Legal and Professional Fees | $30,545.70 |
| Research | $2,134.83 |
| Presentations and Document Production | $1,235.00 |
| Communications and Other | $487.21 |
| **Total** | **$47,085.85** |

3

B-115

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

```
-----------------------------------------------------x
In re                                   :      Chapter 11
                                        :
CORAM HEALTHCARE CORP.                  :      Case Nos. 00-3299  through
And CORAM, INC.,                        :      00-3300 (MFW)
                                        :
                                        :      (Jointly Administered)
        Debtors.                        :
                                        :
-----------------------------------------------------x
```

## FIRST AND FINAL FEE APPLICATION OF UBS SECURITIES LLC, AS FINANCIAL ADVISOR TO THE OFFICIAL UNSECURED CREDITORS' COMMITTEE, FOR FINAL ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD NOVEMBER 21, 2000 THROUGH OCTOBER 27, 2003

UBS Securities LLC[1] ("UBS"), financial advisors to the Official Committee of Unsecured Creditors appointed in the above-captioned bankruptcy cases (the "Committee"), as and for its application (the "Application") for (i) the allowance of compensation for professional services performed by UBS during the period commencing November 21, 2000 through and including October 27, 2003 (the "Compensation Period"), and (ii) the reimbursement of its actual and necessary expenses incurred during the Compensation Period, respectfully represents as follows:

### JURISDICTION

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  The subject matter of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      The relief requested in this Application is based on sections 328 and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), and Federal Rule of Bankruptcy Procedure 2016.

---

[1]  On June 9, 2003, UBS Warburg LLC changed its name to UBS Securities LLC.

NY: 340035-5

## BACKGROUND

3.    On August 8, 2000 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") commenced these cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

4.    The Bankruptcy Cases have been consolidated for procedural purposes only and are being jointly administered.

5.    On August 22, 2000, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee consists of three (3) voting members: Foothill Capital Corporation ("Foothill"); Goldman Sachs Credit Partners L.P. ("Goldman"); and Aetna U.S. Healthcare, Inc. ("Aetna").

6.    On October 18, 2000, the U.S. Trustee designated an Official Committee of Equity Security Holders (the "Equity Committee") pursuant to section 1102 of the Bankruptcy Code to represent the interests of the common shareholders of Coram Healthcare Corp. ("CHC").

7.    On the Petition Date, the Debtors filed their Joint Plan of Reorganization (the "Debtors' First Plan") and their Joint Disclosure Statement with the Bankruptcy Court. At a confirmation hearing on December 21, 2000, the Bankruptcy Court denied confirmation of the Debtors' First Plan.

8.    On February 26, 2001, the Bankruptcy Court approved the Debtors' motion to appoint Goldin Associates, L. L. C. ("Goldin") as an independent restructuring advisor to the Independent Committee of the Board of Directors of CHC. Goldin's services included assessing the appropriateness of the Debtors' First Plan and investigating certain aspects of the Debtors' affairs. On July 31, 2001, Goldin filed a report with the court (the "Goldin Report") detailing the results of its investigation and its assessment of the Debtor's First Plan.

9.    The Debtors filed their Second Joint Plan of Reorganization (the "Debtors' Second Plan") and their Second Joint Disclosure Statement on July 31, 2001. On December 21, 2001, after several weeks of confirmation hearings, the Bankruptcy Court issued an order denying confirmation of the Debtors' Second Plan.