IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CORAM HEALTHCARE CORP. and | ) | Bk. No. 00-3299-MFW |
| CORAM INC., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| UBS SECURITIES LLC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civ. No. 04-1558-SLR |
| | ) | |
| CORAM HEALTHCARE CORP., | ) | |
| et al., | ) | |
| | ) | |
| Appellees. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 31st day of March, 2006, having reviewed
the appeal of UBS Securities LLC and the papers submitted in
connection therewith;

IT IS ORDERED that the appeal is denied and the order of the
bankruptcy court dated November 15, 2004 is affirmed, for the
reasons that follow:

1.  **Standard of review.**  This court has jurisdiction to hear
an appeal from the bankruptcy court pursuant to 28 U.S.C. §
158(a).  In undertaking a review of the issues on appeal, the
court applies a clearly erroneous standard to the bankruptcy

court's findings of fact and a plenary standard to that court's legal conclusions.  See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999).  With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'"  Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)).  The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a de novo basis bankruptcy court opinions.  In re Hechinger, 298 F.3d 219, 224 (3d Cir. 2002); In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

2.  **Background.**  For purposes of this appeal, the relevant facts are undisputed.  Appellant UBS Securities LLC ("UBS") entered into an engagement letter ("the Agreement") with the Official Committee of Unsecured Creditors ("the Committee") of debtor Coram Healthcare, Inc. ("the Debtors"), whereby UBS agreed to perform "in connection with the chapter 11 case of the Company a valuation of the Company."  The Agreement provided that, subject to the approval of the bankruptcy court pursuant to a

2

retention order or otherwise, the Committee "shall cause the Company to pay to [UBS] **on the effective date of the Company's plan of reorganization** seven hundred thousand dollars ($700,000.00)('the Valuation Fee')."

3. Consistent with its obligation under the Agreement, the Committee sought from the bankruptcy court a retention order. The Committee's application therefor represented to the court that: (1) UBS had agreed to perform "in connection with the Bankruptcy Cases of the Debtors a valuation of the Debtors"; (2) the Committee had determined that the "rapidly approaching confirmation hearing on the Debtors' plan of reorganization require[d] it to employ experienced advisors to provide these financial advisory services"; and (3) "[i]n accordance with the [Agreement], the valuation fee of $700,000 is to be paid to [UBS] **at the time of the effective date [of] the Debtors' plan of reorganization** ('the Valuation Fee')." The bankruptcy court entered the proposed retention order submitted by the Committee, directing that, "in accordance with the [Agreement], the valuation fee of $700,000 is to be paid to [UBS] at the time of the effective date [of] the Debtors' plan of reorganization ('the Valuation Fee')."

4. The Debtors' proposed plan of reorganization referenced

3

in the Committee's application was not confirmed.[1]  Indeed, the
Debtors were unsuccessful in their multiple attempts to confirm a
plan of reorganization.  Ultimately, the bankruptcy court granted
the motion for appointment of a chapter 11 trustee to oversee the
Debtors' operations and to facilitate the reorganization process.
On October 31, 2004, the bankruptcy court confirmed a plan of
reorganization proposed by the trustee.

        5.  UBS thereafter filed a fee application, seeking, inter
alia, the Valuation Fee of $700,000.  The bankruptcy court denied
the fee application as it related to the Valuation Fee,
concluding that the Agreement "unambiguous[ly]" included a
"condition precedent" to payment, that is, that the Valuation Fee
would be paid only on the effective date of a plan of
reorganization **proposed by the Debtors**.  UBS argues that the
Agreement should not be so narrowly construed, that the Agreement
directed payment on the effective date of any plan of
reorganization of the Debtors, regardless of who proposed the
plan.  The dispute, therefore, rests on the interpretation of the
phrase "Debtors' plan of reorganization".

        6.  **Analysis**.  The bankruptcy court's interpretation of this
phrase is supported by the record.  Although the Agreement and

---

[1]It is significant to note that, prior to filing a petition
under chapter 11 of the Bankruptcy Code, the Debtors had
negotiated a proposed plan of reorganization with the Noteholders
and filed that pre-negotiated plan on the petition date.

4

retention order are cast in fairly broad language, the
application for the retention order is more narrowly focused on
the Debtors' first pre-negotiated plan of reorganization.    The
retention order, drafted by counsel for the Committee, mirrors
the language of the application.    Under these circumstances, the
bankruptcy court did not err in its interpretation.

United States District Judge

5